IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZACHARY WOODARD
as Surviving Spouse of Cheryl
Woodard, Deceased; as Administrator
of the Estate of Cheryl Woodard,
Deceased; and For the Benefit of
Reece Jackson Woodard, Minor Son,

    Plaintiffs,

     v.

    CIVIL ACTION FILE
    NO. 1:06-CV-2191-TWT

FORD MOTOR COMPANY,

    Defendant.

ORDER

    This is a products liability action.  It is before the Court on the Defendant's

Motion for Partial Summary Judgment [Doc. 8].  For reasons described below, the

motion is GRANTED in part and DENIED in part.

I. BACKGROUND

    The Plaintiffs, survivors of the deceased Cheryl Woodard, brought this action

in the State Court of Cobb County on August 15, 2006, against the Ford Motor

Company.  They allege claims of strict liability, negligent design, and failure to warn.

Ford then removed the case to this Court.  This action arises out of a motor vehicle

accident in which Ms. Woodard's 1993 Ford Explorer collided with another vehicle. As a result of the collision, the Explorer left the roadway and rolled over, killing Ms. Woodard.

The Defendant argues that the Plaintiffs' strict liability and negligent design causes of action are barred by Georgia's statute of repose. The vehicle was originally sold to a dealership on July 29, 1993. The case was not filed until thirteen years later on August 15, 2006. The parties agree that the strict liability claim is time barred. The parties also agree that the negligent failure to warn cause of action is not time barred. Finally, the parties agree that the negligent design claim is time barred unless it falls under the Georgia statute of repose's exception for claims of negligence that arise "out of conduct which manifests a willful, reckless, or wanton disregard for life or property." O.C.G.A. § 51-1-11(c). Thus, the only dispute in the motion before the Court is whether the Plaintiffs' negligent design claim for compensatory and punitive damages falls within the Georgia statute's exception.

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

### III.  <u>DISCUSSION</u>

Ford seeks summary judgment on two of the Plaintiffs' causes of action: negligent design and strict liability.  Ford cites to O.C.G.A. § 51-1-11, which bars a party from bringing a products liability action more than ten years after the product is first sold for use.  The strict liability claim is clearly barred.  The failure to warn claim is clearly not barred.  The issue before the Court is whether the Plaintiffs' negligent design claim falls under the exception to the statute of repose.  The exception applies to negligence claims against a manufacturer where the harm arises out of conduct "which manifests a willful, reckless, or wanton disregard for life or property."  O.C.G.A. § 51-1-11 (c).

First, Ford argues that summary judgment is proper because the Plaintiffs "have no evidence to suggest that Ford exhibited such behavior in connection with the design and manufacture of the subject vehicle."  (Def.'s Mot. for Part. Summ. J., at

5-6.)  Second, Ford cites to Georgia case law to argue that courts must be guided by the "legal principles that willful conduct is based on actual intent to cause harm or injury, and that wanton conduct is based on actual intent to cause harm or injury, and that wanton conduct is that which is so reckless or indifferent to the consequences that it is equivalent in spirit to actual intent."  (Def.'s Mot. for Part. Summ. J., at 6.) (citing Vickery v. Waste Mgmt. of Ga., Inc., 249 Ga. App. 659, 660 (2001)).

The Plaintiffs rely upon the Eleventh Circuit case of Watkins v. Ford Motor Co., 190 F.3d 1213 (11th Cir. 1999).  In Watkins, the Eleventh Circuit reviewed a grant of summary judgment on behalf of Ford Motor Co.  The issue on appeal was whether the plaintiff had "adduce[d] evidence sufficient to support a finding that the manufacturer acted with a willful, reckless, or wanton disregard for property or life."  Id. at 1216.  The decision is particularly instructive as the court directly confronted the application of the Georgia statute in question here, and, based its decision on Georgia court precedents.  Id.  It found that the plaintiff's evidence that "Ford made profit a priority over the safety of the consumer," constituted enough evidence to support a finding of reckless disregard for property or life.  Id. at 1217.  The court also made clear that Georgia's statute of repose only requires a showing of conduct by the lower preponderance of the evidence standard, and not the clear and convincing evidence standard called for when punitive damages are at issue.  Id. at 1217 n.2.

To support their claim, the Plaintiffs have identified a number of specific facts to demonstrate that there is a genuine issue for trial.  The critical facts are set forth in the expert report and testimony of engineer Larry Bihlmeyer.  (Pls.' Resp. to the Def.'s Mot. for Part. Summ. J., Ex. 1.)  As set forth in his curriculum vitae, Mr. Bihlmeyer appears qualified to speak to the issues before the Court.  In addition to his professional and educational training, he was an employee of Ford Motor Company for fourteen years, and was directly involved in aspects of roof design and maintenance.  (Pls.' Resp. to the Def.'s Mot. for Part. Summ. J., at 7-8.)  In the form of deposition testimony and the expert report, the Plaintiffs have set forth specific facts that a jury could rely upon to find that Ford acted with reckless indifference in its design and manufacture of the vehicle in question. First, he documents a number of specific facts suggesting that Ford knew that the Explorer model was not crashworthy.  (Bihlmeyer Rep. at 11).  Second, he details a number of structural changes that Ford chose to forego in order to maximize its profit - even though it was aware that the changes were feasible and would promote consumer safety. (Bihlmeyer Rep. at 12).  Although some of the report consists of legal conclusions ("Ford's conduct . . . was reckless and shows a conscious disregard . . .") (Bihlmeyer Rep. at 14), Mr. Bihlmeyer grounds his conclusions upon a series of factual allegations such as the amount of savings produced by Ford's decisions to forego safer models, its

decision to pre-charge in anticipation of impending products liability suits, and Ford's violations of its stability safety standards.  (Bihlmeyer Rep. at 14).  This is enough to submit the issue to a jury.

Ford also argues that its compliance with regulatory standards is inconsistent with reckless indifference.  The Court is unpersuaded that compliance with federal motor vehicle safety standards should insulate Ford from the exception to the statute of repose.  Ford cites Welch v. General Motors Corp., 949 F. Supp. 843, 845 (N.D. Ga. 1996), which held that the defendant's compliance with federal regulations did not support a finding of punitive damages.  The court, however, based its decision on a Georgia statute requiring plaintiffs to meet a "clear and convincing evidence" standard.  See O.C.G.A. § 51-12-5.1(b) (requiring clear and convincing evidence for punitive damages).  In this case, the Plaintiffs must only prove reckless disregard by a preponderance of the evidence in order to ensure that their negligence claim does not vanish under Georgia's statute of repose.  See O.C.G.A. § 51-1-11; see also Watkins, 190 F.3d at 1217 n.2.

Ford also cites Stone Man, Inc. v. Green, 263 Ga. 470 (1993), to argue that complying with federal regulations is not the type of behavior that justifies the imposition of punitive damages.  Stone Man, however, need not supply the rule of decision here.  As the Georgia Court of Appeals noted in General Motors Corp. v.

<u>Moseley</u>, 213 Ga. App. 885 (1994), "nothing in <u>Stone Man</u> precludes an award of punitive damages where, notwithstanding the compliance with applicable safety regulations, there is other evidence showing culpable behavior."  Even though Ford is correct to say that punitive damages cases may be persuasive in this context since both refer to language such as "wanton" and "reckless," the analogy only works in one direction.  Cases finding that defendants were reckless under the higher punitive damages standard are persuasive as to the issue of whether that conduct meets the lower preponderance of the evidence standard.

Courts should be hesitant to treat compliance with a federal regulation as a dispositive reason to rule that the defendant's conduct is not "reckless" as a matter of law.  First, agency regulations represent the minimum expectations of manufacturers, and are not an independent legal assessment of the recklessness of conduct in any one case.  More importantly, courts are in a better position to independently assess the issue.  Oftentimes agency decisions may reflect the political philosophies of the current administration, and may decide to promulgate, or not to promulgate, certain regulations based upon the interests of lobbies.  Treating these regulations as a decisive constraint upon the legal authority of courts is nothing less than an attack upon the independence of the judiciary.  Furthermore, treating compliance with a federal regulation as a shield to a statute of repose threatens to cripple the evolving

common law of products liability.  Here, the Plaintiffs have created a genuine issue for the jury to decide whether Ford's economic decision to put profits ahead of the lives of its consumers, despite the fact that it complied with a federal regulation, constituted reckless disregard.  The Defendant's motion for partial summary judgment on the negligent design claim should be denied.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment [Doc. 8] should be GRANTED in part and DENIED in part.  It is GRANTED with regard to the Plaintiffs' strict liability claims, and DENIED with regard to the failure to warn and negligent design claims.

SO ORDERED, this 22 day of June, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge